COMMERCIAL BANK & TRUST CO. *v.* DENDY *et al.**

(Division B.   Feb. 20, 1928.)

[115 So. 591.   No. 26748.]

1. INFANTS.  *Right to review adverse decree is available to minor affected whether complainant or defendant (Hemingway's Code 1927, section 420).*

   Under section 420, Hemingway's 1927 Code, (section 646, Code of 1906), the right to review a decree against a minor, in cases provided by the statute, is available to an infant whose rights are affected by the decree, whether such infant be a complainant or a defendant.

2. APPEAL AND ERROR.  *Law settled on former appeal will not be disturbed on second appeal, unless first decision is manifestly wrong and also mischievous or hurtful.*

   Where, on a former appeal, the court has decided the issues involved, and rendered an opinion, the law settled in the first appeal will not be disturbed on the second appeal, unless the first decision is not only manifestly wrong, but it must also be mischievous or hurtful in its operation.

---

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 1095, n. 78; Infants, 31CJ, p. 1176, n. 28; Previous decision generally controling subsequent appeal, see 2 R. C. L. 224; 1 R. C. L. Supp. 459; 4 R. C. L. Supp. 94; 5 R. C. L. Supp. 84; 6 R. C. L. Supp. 79.

APPEAL from chancery court of Calhoun county.
HON. N. R. SLEDGE, Chancellor.

Suit by S. T. Dendy and others against the Commercial Bank & Trust Company and another for partition, in which the named defendant filed a cross-bill. From the decree below, named defendant appeals. Affirmed.

*J. M. Thomas,* for appellant.

*J. H. Ford,* for appellee.

Argued orally by *J. M. Thomas,* for appellant.

ETHRIDGE, P. J.   This is the second appeal of this case, the first appeal being reported as *Dendy et al.* v. *Commercial Bank & Trust Co.,* in 143 Miss. 56, 108 So. 274. The case was remanded to the court below, and judgment was entered in accordance with the former opinion.

There is no material difference in the case as presented on this appeal from the case presented on the former appeal.

When the case was decided on the former appeal, an elaborate suggestion of error was filed challenging the correctness of the holding in that opinion.   This suggestion of error was carefully considered, and, after such consideration, was overruled, the court rendering an opinion in response to the suggestion of error, which opinion will be found in the above case.   The case is now argued anew and somewhat more extensively than on the former appeal, but it presents no new questions for consideration.

We think the construction placed upon the statute, section 420, Hemingway's 1927 Code (section 646, Code of 1906), is a correct one, and that this statute is available to an infant whose rights are affected by the decree, whether such infant be a complainant or a defendant.

Where a decision has been rendered in a cause on a former appeal, it will not be disturbed unless it is not only manifestly wrong, but it must be also mischievous or hurtful.   Ordinarily, such decisions are treated as the law of the case.

We see no reason to recede from the views announced in the former appeal, and, as the chancellor has decided in accordance therewith, the decree will be affirmed.

*Affirmed.*